IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OLIVER JURIC, | ) | CASE NO. 1:16 CV 0366 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| EMINGER ENTERPRISES LLC, *et al.*, | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendants. | ) | |

## Introduction

Before me[1] in Oliver Juric's FLSA action against Eminger Enterprises, LLC, *et al.*,[2] is Eminger's motion for an award of attorney fees and costs as the prevailing party.[3] Juric opposes that motion.[4] Eminger has replied to that opposition,[5] as well as filed supplemental authority in support of the motion.[6]

In brief, Juric's original complaint asserted that he was an employee of Eminger who was not paid appropriately under the FLSA.[7] After discovery was taken, Eminger

---

[1]The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Solomon Oliver, Jr. ECF No. 16.

[2]ECF No. 1.

[3]ECF No. 53.

[4]ECF No. 55.

[5]ECF No. 56.

[6]ECF No. 57.

[7]ECF No. 1.

moved for summary judgment.[8] Instead of opposing that motion, Juric moved to dismiss his complaint.[9] Eminger responded to that motion by emphasizing that any dismissal should be with prejudice, with a designation that Eminger was the prevailing party.[10] Juric did not object to a dismissal with prejudice, but argued that Fed. R. Civ. P. 41(a)(2) did not permit an order of dismissal to be made with a prevailing party designation.[11]

The case was dismissed with prejudice but without any designation of a prevailing party.[12]

## Analysis

Eminger argues that it is entitled to fees and costs because Juric continued to litigate his claim in bad faith.[13] Eminger notes that Juric knew early on that the FSLA was inapplicable here because the evidence was clear that: (1) Juric was never an employee of Eminger; and (2) the gross annual sales of Eminger during the time of claimed employment was below the statutory requirement.[14] Eminger seeks a finding that Juric pursued his claims in bad faith since January 2017, and that Eminger is entitled to fees and costs from

---

[8]ECF No. 42.
[9]ECF No. 46.
[10]ECF No. 47.
[11]ECF No. 49.
[12]ECF No. 52.
[13]ECF No. 53.
[14]*Id*. at 6.

that time.[15]

Juric, for his part, maintains that his own voluntary dismissal of his case with prejudice does not make Eminger the prevailing party.[16]

Although not cited by the parties, two decisions from this Court serve as useful guidance:

(1) *Lum v. Mercedes Benz, USA, LLC*,[17] where United States District Judge James G. Carr addressed, as here, a request for attorney fees and costs in the context of either a voluntary Rule 41 dismissal with prejudice or in the context of a prevailing party under Rule 54;

(2) *Dorsey v. Commonwealth Land Title Insurance Company*,[18] where United States District Judge James S. Gwin reviewed a report and recommendation from United States Magistrate Judge Nancy Vecchiarelli that also considered a request under Rule 41 for fees and costs from the non-moving party after the matter had been voluntarily dismissed with prejudice.

First, regarding an award of costs, which entails a finding that the claimant was the prevailing party, as Judge Carr succinctly stated: "A plaintiff's voluntary dismissal with

---

[15]*Id.* at 9.

[16]ECF No. 55 at 2 (citing *Proctor & Gamble Co. v. Georgia Pacific Consumer Prod., LP*, 1:09-cv-318, 2009 WL 2407764 (S.D. Ohio Aug. 3, 2009)).

[17]*Lum v. Mercedes Benz, USA, LLC*, 246 F.R.D. 544 (N.D. Ohio 2007).

[18]*Dorsey v. Commonwealth Land Title Insurance Company*, 2008 WL 5071894 (N.D. Ohio Nov. 24, 2008).

prejudice does not render Rule 54(d) applicable as the non-moving litigant is not a 'prevailing party.'"[19]

Next, as to the claim for attorneys' fees under Rule 41, Magistrate Judge Vecchiarelli began her analysis of the applicable law by noting that pursuant to Rule 41, "courts commonly award costs and attorney fees to defendants where plaintiffs dismiss their cases *without* prejudice."[20] But she further noted, "courts typically do not award attorney fees and expenses where plaintiffs move to voluntarily dismiss with prejudice."[21] Although Magistrate Judge Vecchiarelli observed that some courts in this situation have approved an award of attorneys' fees or costs based on "other statutory authority or when exceptional circumstances" justify that action, she specifically stated, citing Judge Carr in *Lum*, that the "exceptional circumstances" in these instances involve cases of the type where "'a litigant repeatedly brings claims and then voluntarily dismisses them with prejudice, thus inflicting significant costs on the opposing party and the courts.'"[22]

Based on the above authority, Eminger is not a prevailing party under Rule 54 that is entitled to an award of costs. Further, this case involves no exceptional circumstances that would justify an award of attorney fees under Rule 41. Rather, the unfolding of this case was rather straightforward and commonplace, with the decisive, dispositive evidence

---

[19]*Lum*, 246 F.R.D. at 545 (citations omitted).

[20]*Dorsey*, 2008 WL 5071894, at *2 (emphasis in original) (citation omitted).

[21]*Id*. at *3 (citation omitted).

[22]*Id*. (quoting *Lum*, 246 F.R.D. at 546) (internal quotations omitted).

coming into the record through the ordinary course of discovery and the plaintiff then taking appropriate action to dismiss his claim. This record contains no indication of intentional procedural gamesmanship by Juric, such as was referenced by Judge Carr in *Lum*, and involved nothing that inflicted significant extra costs on the court, as Magistrate Vecchiarelli was concerned with in *Dorsey*.

## Conclusion

Accordingly, and for the reasons stated above, Eminger's motion for an award of costs and attorney fees[23] is denied.

Dated: August 21, 2018　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[23]ECF No. 53.